UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASE NO.: 3:13-CV-00852-H

BRIAN MCNEW                                                                                PLAINTIFF

V.

EASTON TECHNICAL PRODUCTS, INC.
                                                                            DEFENDANT

**MEMORANDUM AND ORDER**

This is a products liability case in which Plaintiff alleges that Defendant produced a defective shooting arrow which caused him injury. Plaintiff filed the complaint in this Court but Defendant has now moved to transfer it to the Southern District of Indiana.

The pertinent facts are these. Plaintiff is an Indiana resident. He purchased the subject arrow at King Archery in Jefferson County, Kentucky. The injury occurred in Indiana and Plaintiff was initially treated there. Later, he was treated by physicians in Kentucky. Apparently, the only witnesses to the accident were Plaintiff's own family who reside in Indiana.

A case may be transferred to another district for the convenience of the parties and witnesses, or in the interest of justice, where the case could have been brought initially in the transferee district. 28 U.S.C. § 1404. Certainly, the case could have been brought in an Indiana federal court, Plaintiff's home state. Indeed, the strongest connection to the lawsuit clearly lie in Indiana, whose law may apply, regardless of the venue. The only limited tie to Kentucky in this litigation is that Plaintiff purchased the arrow here. However, he makes no claim against the seller. Regardless, Defendant is subject to service of process and, facially at least, there appears

to be jurisdiction in Kentucky based on the purchase of the product.

However, Plaintiff is not concerned about the convenience of his family witnesses and, in fact, asserts that they believe Kentucky to be more convenient for them. The various treating physicians reside in both states and Defendant's corporate witnesses and expert witnesses will travel some distance regardless of the venue. A plaintiff need not have a reason for choosing between two equally convenient venues where appropriate jurisdiction lies. He may even choose one which is marginally less convenient and less central to the litigation. The Court sees no great inconvenience or injustice to resolving the matter here. Defendant has not carried his burden required under a § 1404 transfer.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to transfer to the Southern District of Indiana is DENIED.

cc: Counsel of Record